62 F.3d 1433
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James N. McCABE, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 94-3463.
 United States Court of Appeals, Federal Circuit.
 Aug. 8, 1995.
 
 Before ARCHER, Chief Judge, CLEVENGER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 James N. McCabe appeals from the June 1, 1994 decision of the Merit Systems Protection Board (board), No. AT1221920197W1, deciding McCabe's individual right of action (IRA) appeal in favor of the Department of the Air Force (Air Force or agency). We affirm.
 
 DISCUSSION
 I.
 
 2
 McCabe was a GS-12 Security Officer in a compartmentalized security facility, Detachment 8, at Robins Air Force Base, Georgia. On May 7, 1990, McCabe witnessed what he believed to be a breach of security in his area. In accordance with security regulations, McCabe composed a classified message addressed to Air Force headquarters in Washington D.C., which described the circumstances of the breach. One of McCabe's superiors, Colonel William Grimes, was informed of the incident and McCabe's intent to send the message. Colonel Grimes told McCabe not to send the message because it would compromise compartmented security and informed McCabe that Colonel Grimes himself would personally investigate the incident. McCabe insisted to Colonel Grimes that he had to report the incident to headquarters. Colonel Grimes then denied him access to secured telephones and McCabe called headquarters from a pay phone.
 
 
 3
 The agency suspended McCabe's access to classified information. The agency eventually restored some of McCabe's classified information clearances but revoked his special access program clearance. Without the latter clearance, McCabe was prevented from performing the duties of his position. McCabe was initially reassigned to a GS-12 Industrial Security Specialist position in Detachment 8 but he was later detailed out of the Detachment because he did not have special access program clearance. McCabe's former position was subsequently abolished. The agency created a new GM-13 position in Detachment 8 but McCabe was not selected for it.
 
 
 4
 McCabe filed an IRA appeal with the board contending that the Air Force had taken personnel actions against him in reprisal for disclosing the alleged breach of security to headquarters, which disclosure McCabe contends is protected under the Whistleblower Protection Act of 1989 (WPA), Pub. L. No. 101-12, 103 Stat. 16. In a July 10, 1992 initial decision, an administrative judge (AJ) dismissed the appeal ruling that the disclosure was not protected under the WPA.[1] In the alternative, assuming the disclosure was protected, the AJ ruled that 1) not all the alleged agency actions identified by McCabe as reprisal were personnel actions under the WPA and that 2) the agency had shown by clear and convincing evidence that all the actions that were personnel actions would have been taken absent the disclosure.
 
 
 5
 The full board reopened the appeal on its own motion. The board sustained the AJ's alternative holding that the agency had carried its burden of showing it would have undertaken the contested personnel actions absent the disclosure. The board did not discuss the AJ's determination that the disclosure was not a protected one under the WPA.
 
 II.
 
 6
 We review decisions of the board under a narrow standard of review. We must affirm the board's decision unless it is determined to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).
 
 
 7
 We agree with the board that the revocation of McCabe's access to classified information was not a personnel action within the meaning of the WPA. Under Egan v. Department of Navy, 484 U.S. 518 (1988), an agency's decision to grant or deny a security clearance is not judicially reviewable, except to the extent that an agency must follow any applicable procedures. "It should be obvious that no one has a 'right' to a security clearance. The grant of a clearance requires an affirmative act of discretion on the part of the granting official." Egan, 484 U.S. at 528. Given the high degree of discretion involved in matters of national security, we are convinced that Congress did not intend that agency decisions regarding security clearance status be encompassed within the definition of "personnel action" under the WPA.
 
 
 8
 McCabe contends Egan is not applicable to his IRA appeal because Egan was concerned with an "adverse action" under Chapter 75 of Title 5 and his appeal involves a "personnel action" under the WPA. Compare 5 U.S.C. Sec. 7512 with 5 U.S.C. Sec. 2302(a)(2). Although we agree there are differences between the two types of actions--adverse actions being a subset of personnel actions, see 5 U.S.C. Sec. 2302(a)(2)(iii)--the reasoning of Egan, leaving matters of security access to the discretion of the executive branch, applies with equal relevance to any judicial review of security clearance status, including one that is alleged to be a personnel action under the WPA.
 
 
 9
 McCabe also contends that his disclosure was a contributing factor in his detail out of Detachment 8 and that the agency has not shown by clear and convincing evidence that it would have detailed him absent his disclosure. Details are personnel actions under the WPA. See 5 U.S.C. Sec. 2302(a)(2)(iv). McCabe's argument fails, however, because his detail was merely a necessary incident of the revocation of his security clearance and, as discussed above, McCabe cannot challenge the merits of that revocation. McCabe's work in Detachment 8 required him to have special access to classified information. When that special access was revoked, irrespective of the reason for the revocation, he could no longer work in Detachment 8. We do not understand McCabe to argue that the Air Force chose to detail him out of the Detachment in lieu of other alternatives (e.g., reassignment, adminstrative leave) as reprisal for his disclosure. Rather the record is clear that McCabe again seeks impermissibly to argue the merits of the revocation of his security clearance in the context of his detail.
 
 
 10
 We have considered McCabe's other arguments on appeal but do not find them persuasive.
 
 
 
 [1]
 We express no opinion on this determination because it was not decided by the full board and is unnecessary to our decision in this case